1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES JOSEPH FAIN and
CATHERINE S. COOLEY,

       Petitioner,

       v.

UNITED STATES OF AMERICA,

       Respondent.

Case No.  C04-5761JET
           C04-5762JET
           CR01-5120JET

ORDER

     This Matter comes on before the above-entitled Court upon Defendants' Motions Filed pursuant to 28 U.S.C. §2255.

    Having considered the entirety of the record and files herein, the Court finds and rules as follows:

Page 1

INEFFECTIVE ASSISTANCE OF COUNSEL

In seeking to set aside/vacate their convictions, Defendants claim ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, Defendants must establish that counsel's conduct fell below an objectively reasonable standard, and that but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Thus, Defendants must prove inadequate performance and  actual prejudice.  <u>Id.</u> at 686.  It is the Defendants' duty to make a detailed and particularized claim of error which can be thoughtfully reviewed.  <u>United States v. Hearst</u>, 638 F.2d 1190, 1994 (9th Cir.), <u>cert. denied</u>, 451 U.S. 938 (1981). Conclusory assertions without a basis in the record are insufficient.  <u>Id</u>; <u>Miller v. United States</u>, 339 F.2d 581 (9th Cir. 1964).

Defendants claims can be decided on the record, therefore no evidentiary hearing is necessary.

<u>Trial Preparation and Tactics</u>

Defendants claim that the cumulative effect of trial counsel's errors denied them effective assistance of counsel.

1).  Defendants claim that trial counsel failed to adequately investigate the case, failed to locate and interview witnesses, and failed to have a trial plan. These claims  lack particularity, and Defendants have not shown how evidence garnered from these potential witnesses would have altered the outcome of the trial.  2).  Possible additional impeaching information regarding a King County civil case involving Darnell Mueller and Wilma Mallicoat, if elicited, would not have altered the outcome of the trial.   3).   Defendants claim that counsel failed to pursue various issues.  Regarding the sufficiency of mail fraud charges, this issue was addressed during closing argument, in the motion for acquittal, and on appeal.  Defendants also claim counsel overlooked authority which they claim prohibits conviction for bank fraud where Defendant merely presents a bad check.  The authority cited, <u>Williams v. United States</u>, 458 U.S. 279 (1982), involves the false statement statute at 18 U.S.C §1014, not the bank fraud statute at 18 U.S.C §1344.  Furthermore, the record is replete with

Page 2

1    instances of Defendants fraudulent conduct. 4).  Defendants cite no authority to support their claim

2    that defense counsel's division of responsibility for cross-examining witnesses was improper.   5).

3    Stipulations that Defendants now object to were signed by both defendants and read into the record

4    without objection.  The stipulations represented what the witness would say if called to testify, and

5    included no admissions by Defendants.

6    6).  Defendant Fain's complaint that the decision to waive jury trial was forced on him also lacks

7    merit.  Each defendant knowingly and voluntarily waived those rights, on the record and in writing.

8    7).  Fain argues counsel Olson advised him to "skip" the presentence interview, disallowing the

9    opportunity for defendant to make changes, amendments or object to the probation report.  This

10   claim lacks merit.  The probation department made the PSR available to defense counsel before

11   sentencing, and counsel responded with objections to the report, while acknowledging that Mr. Fain

12   had filed his own objections to the PSR.  8).  Defendant Fain's claim that counsel was deficient for

13   presenting no independent trial witnesses must fail, as Defendant cannot show how he was

14   prejudiced.

15        The aforementioned errors alleged by Defendant do not demonstrate inadequate performance

16   by counsel or prejudice to Defendants.

17   Damages, Failure to File Motion

18   9).  The issue of damages - i.e., calculation of loss amounts, was addressed at trial, sentencing, and

19   on appeal.  Defendants submitted pro se objections to the loss amounts, and counsel challenged the

20   loss figures in the sentencing memorandum.  10).  Defendants suffered no prejudice from counsel's

21   failure to file a Motion for New Trial or Motion to Reduce Sentence.  Counsel filed a Motion for

22   Judgment of Acquittal under Rule 29, which served to preserve appellate issues, and there was no

23   basis for counsel to file a Rule 35 motion.

24

25   Appellate Counsel's Performance/Challenges to Actions of the District Court

26   Page 3

1      Counsel does not have a constitutional duty to raise every nonfrivolous issue proposed by

2  Defendant. Jones v. Banner, 463 U.S 745, 751 (1983). Counsel selected issues for appeal believed to

3  have merit.  The several issues which defendants claim should have been raised in their appeal lack

4  particularity, and do not provide for meaningful review.  There has been no showing of

5  ineffectiveness of counsel for failure to raise them, and no showing of likelihood of success.

6      Defendants' claim that the Court failed to apply the correct elements of the charged crimes

7  and failed to address variances between the charges and the proof at trial lack particularity, failing to

8  identify which crimes, which elements were deficient, or what evidence was at variance.

9      Defendants' claims that the District Court failed to address a Brady violation, and of

10  prosecutorial misconduct during interviews of potential witnesses fail for lack particularity.

11  Defendants' claim that the court failed to conduct a hearing on damages at sentencing lacks merit.

12  The issue of loss amount was fully briefed, argued before and ruled upon by the district court, and

13  made a subject of appeal.

14      Defendants claim that the trial judge was physically and mentally impaired during conduct of

15  the case lacks merit.  The government has fully addressed these claims in its brief, and none of these

16  occurrences suggests any impairment by the Court.   Defendants' motion for recusal was previously

17  denied.

18                    <u>BLAKELY CHALLENGES</u>

19      Defendants seek to apply the rule set forth in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (June

20  24, 2004) to invalidate their sentences.  The Ninth Circuit extended the court's reasoning in <u>Blakely</u>

21  to the federal sentencing guidelines in <u>United States v. Ameline</u>, 376 F.3d 967 (9th Cir. 2004).  In

22  <u>United States v Booker</u>, 125 S.Ct. 738 (2005), the Supreme Court held that the Sixth Amendment

23  jury trial requirement as construed by <u>Apprendi</u> and <u>Blakely</u> applied to the federal guidelines.  <u>Id.</u> at

24  745.

25      Defendants' convictions were final before <u>Blakely</u>. The Supreme Court has not made <u>Blakely</u>

26  Page 4

1 | retroactive to cases on collateral review.  <u>See</u> <u>Cook v. United States</u>, 386 F.3d 949 (9th Cir. 2004);

2 | <u>Guzman v. United States</u>, 2005 WL 803214 (2d Cir. (N.Y.)); .  Accordingly, Defendant's motion

3 | pursuant to 28 U.S.C. 2255 is DENIED.

4 |      In order for an appeal to proceed, this Court must issue a Certificate of Appealability.  <u>See</u> 28

5 | U.S.C. §2253; <u>United States v. Asrar</u>, 108 F.3d 217 (9th Cir. 1997).  For the certificate to issue, this

6 | Court must determine that "the applicant has made a substantial showing of the denial of a

7 | constitutional right" and the Court must "indicate which specific issue or issues satisfy the showing."

8 | 28 U. S. C. §2253(c)(2)-(3).  If the Court denies the certificate, it must "state the reasons why such a

9 | certificate should not issue."  Fed.R.APP.P. 22(b); <u>Asrar</u>, 108 F.3d at 218.

10 |      For the foregoing reasons, the Court declines to issue a Certificate of Appealability because

11 | Defendant has failed to make "a substantial showing of the denial of a constitutional right."  28

12 | U.S.C. §2253(c)(2).

13 |      IT IS SO ORDERED.

14 |      The clerk is directed to send uncertified copies of this Order to all counsel of record.

16 |      DATED this 9th day of May, 2005.

18 |      /s JACK E. TANNER

19 |      SR. UNITED STATES DISTRICT JUDGE